UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK VIRGIL HALL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TIM RICHARDSON; DAGOBERTO MARTINEZ; CAMRON DURAMUS; PEYTON DYE; NATHAN ROE; STEVEN GARCIA; NICKOLAUS NAJ-MOBADI; and MICHELLE MERACLE,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00028-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Erick Virgil Hall's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.      Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC") and incarcerated at the Idaho Maximum Security Institution. Plaintiff alleges that, on July 1, 2022, Correctional Officer Steven Garcia was talking to Plaintiff through his cell door when another inmate, John Renfro, "started threatening" Plaintiff. *Compl*., Dkt. 3, at 9. Plaintiff does not state whether Garcia heard the threat or what the threat actually was. Garcia allegedly "did not file a report" about the incident. *Id*. Plaintiff alleges that Defendant Roe "failed to enter into the permanent log an entry" to keep Plaintiff and Renfro separate based on the threats. *Id*. at 6.

Plaintiff filed a grievance related to the threats. On August 2, 2022, Defendant Dagoberto Martinez was allegedly "deliberately indifferent" to the grievance. *Id*. at 10.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Plaintiff also asserts that Warden Richardson "failed to acknowledge to seriousness" of Plaintiff's grievance. *Id*. at 11.

Plaintiff also alleges vaguely that, on January 1, 2023, Defendant Roe "took control" of the unit in which Plaintiff was held and that he "did not ensure that all unit staff were aware of all unit security dutys [sic]." *Id*. at 7.

Plaintiff claims that, on March 11, 2023, he was attacked by two other inmates: John Renfro (the inmate who allegedly threatened him in July 2022) and Azad Abdullah. *Id*. at 3. Before the attack, Correctional Officer Michelle Meracle had allowed Renfro into the shower area while Plaintiff was enjoying his dayroom time. Plaintiff claims Meracle knew there was a "possibility of an assault" on Plaintiff. *Id*. at 4.

According to Plaintiff, Correctional Officer Camron Duramus left Renfro and Abdullah in the dayroom while Plaintiff was let out of his cell. *Id*. at 5. Though Plaintiff claims Duramus was aware of threats to Plaintiff's safety, he does not explain the basis for this belief.

Plaintiff alleges that Correctional Officer Peyton Dye saw the assault on a "surveillance video console" and did nothing to intervene. *Id*. at 3. Plaintiff does not explain the basis for his belief that Dye was at the video console or that Dye could otherwise monitor the area where the attack took place.

According to Plaintiff, Sergeant Naj-Mabadi "did not read the unit permanent log entries" and thus "was ignorant of security needs." *Id*. at 8. This allegation appears to contradict Plaintiff's assertion that Roe failed to include the log entry about Renfro's July 2022 threats against Plaintiff.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

Plaintiff brings claims under the Eighth Amendment to the Constitution, as well as Idaho Code § 20-209B.

**3.  Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

**A.  *Section 1983 Claims***

Plaintiff brings his Eighth Amendment claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct, *Taylor*, 880 F.2d at 1045, and a defendant whose only role in a constitutional violation involved the denial of an administrative grievance cannot be held liable under § 1983, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there

exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a plaintiff must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendant's actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment, and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To rise to the level of an Eighth Amendment violation, the deprivation alleged must

be objectively sufficiently harmful, *Farmer*, 511 U.S. at 834, or, in other words, sufficiently "grave" or "serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As the United States Supreme Court has explained:

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks, citation, and alteration omitted).

With respect to the subjective prong of an Eighth Amendment claim, a defendant acts with deliberate indifference only if the defendant (1) was aware of the risk to the prisoner's health or safety, and (2) deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. That is, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

If an inmate faces a "threat of serious harm or injury" from another inmate, prison officials who act with deliberate indifference to that threat are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Farmer*, 511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.") (cleaned up). Deliberate indifference in the context of a failure-to-protect claim does not require that a prison official knew the plaintiff "was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843. However, the deliberate indifference standard *does* mean that even an obvious and substantial risk of assault by one inmate against another does not result in liability so long as the defendant official was not subjectively aware of that risk. *Id*. at 844.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Here, other than vague conclusions that are not entitled to the presumption of truth, *see Iqbal*, 556 U.S. at 679, the Complaint sets forth only a single event that could have placed any Defendant on notice that Plaintiff faced a risk of attach by another inmate: John Renfro's threats against Plaintiff. However, the threats were made in July 2022, and the attack by Renfro and Abdullah did not occur until May 2023. This long lapse in time

rendered the threats too attenuated to support a plausible inference that any Defendant knew of a substantial risk of serious harm to Plaintiff *in May 2023* yet deliberately failed to act to address that risk.

Plaintiff may attempt to cure this deficiency in an amended complaint.

### B. State Law Claims

In addition to § 1983 claims, Plaintiff asserts state law claims under Idaho Code § 20-209B. That statute, included in a chapter governing the State Board of Correction, describes the duty of the Director of the IDOC to "control and suppress all riots, escapes, affrays and insurrections at the state penitentiary." However, the Court has found no Idaho authority for the proposition that § 20-209B grants a private right of action to prisoners. Therefore, the Complaint fails to state a plausible claim under § 20-209B.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045;

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An]

amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively,

Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: May 2, 2024

_____
David C. Nye
Chief U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12