UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK VIRGIL HALL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PEYTON DYE,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00028-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Plaintiff, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se in this civil rights action. On November 13, 2024, U.S. District Judge David C. Nye entered a Successive Review Order, allowing Plaintiff to proceed on his Eighth Amendment failure-to-protect claims against Defendant Peyton Dye. All other claims against all other Defendants were dismissed, and this case was reassigned to the undersigned judge. Dkt. 12.

　　　　Defendant Dye has filed a Motion to Dismiss, alleging that the Court lacks jurisdiction and that the Amended Complaint fails to state a claim upon which relief may be granted. Dkt. 17, 17-1. Defendant points out that the Amended Complaint asserts claims for monetary damages against Defendant in Defendant's official capacity. Defendant argues that these claims are barred by the Eleventh Amendment. *Id.*

　　　　Recognizing the validity of Defendant's argument, Plaintiff has moved to further amend the amended complaint and has submitted a proposed second amended complaint.

MEMORANDUM DECISION AND ORDER - 1

Dkt. 20, 21. That complaint removes from the caption all Defendants other than Defendant Dye, but the body of the proposed amendment still asserts claims that were previously dismissed. The only substantive change in the second amended complaint is that Defendants are now sued in their individual capacities, rather than their official capacities. Dkt. 21.

Defendant Dye does not object to Plaintiff's motion to amend, but notes that the second amended complaint includes allegations that, as Judge Nye previously determined, fail to state a claim upon which relief may be granted. Dkt. 22. Defendant contends that leave to amend should be granted only "so long as the Second Amended Complaint eliminates the many now-extraneous allegations regarding persons and causes of action the Court previously dismissed." *Id*. at 1.

1. **Standards of Law**

In considering whether Plaintiff should be allowed to further amend the amended complaint and in reviewing the proposed second amended complaint, the Court has applied the screening requirements of 28 U.S.C. § 1915A, as well as the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the standards applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6), and the standards for amendment under Rule 15.

The Court is required to review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Review of a complaint under § 1915A is akin to a review following a motion to dismiss—the Court applies Rule 8 pleading standards, as well as Rule 12(b)(6) standards, to determine whether the complaint fails to state a claim for relief. *See Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Mitchell v. South Carolina*, 2012 WL 786349, at *4 n.5 (D.S.C. Feb. 27, 2012), *report and recomm'n adopted*, No. CA 3:12-153-CMC-PJG, 2012 WL 786345 (D.S.C. Mar. 9, 2012), *aff'd sub nom. Mitchell v. South Carolina*, 474 F. App'x 298 (4th Cir. 2012).

A complaint fails to state a claim for relief under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although the Rules "do[] not require detailed factual allegations, . . . [they] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. The courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad

MEMORANDUM DECISION AND ORDER - 3

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se litigants, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se prisoners so as not to close the courthouse doors to those truly in need of relief. *Eldridge v. Block*, 832 F.2d 1132, 1135, 1137 (9th Cir. 1987). A pro se litigant bringing a civil rights suit "must have an opportunity to amend the complaint to overcome deficiencies unless it is clear" that those deficiencies "cannot be overcome by amendment." *Id.* at 1135–36.

**2.    Plaintiff's Motion to Amend Will Be Granted in Part**

The Court will grant in part Plaintiff's Motion for Leave to File Second Amended Complaint to the extent it asserts Eighth Amendment failure-to-protect claims, under 42 U.S.C. § 1983, against Defendant Dye. However, because the second amended complaint does not add any substantive allegations with respect to the claims that the Court previously dismissed, the Motion to Amend will be denied as futile to the extent it reasserts those claims.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 20) is GRANTED IN PART and DENIED IN PART. Plaintiff will be permitted

MEMORANDUM DECISION AND ORDER - 4

to proceed on his claim, under the Eighth Amendment to the U.S. Constitution, that Defendant Dye failed to protect Plaintiff from assault.

2. As a result of the Court's partial grant of Plaintiff's motion to amend, Defendant Dye's Motion to Dismiss (Dkt. 17) is MOOT.

3. Defendant Dye's response to the Second Amended Complaint must be filed within 21 days after entry of this Order.

DATED: March 10, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 5