UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ERICK VIRGIL HALL,<br><br>                    Plaintiff,<br><br>    v.<br><br>PEYTON DYE,<br><br>                    Defendant. | Case No. 1:24-cv-00028-REP<br><br>**ORDER ON PENDING MOTIONS** |

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC") and has been permitted to proceed on an Eighth Amendment failure-to-protect claim, under 42 U.S.C. § 1983, against Defendant Dye. All other Defendants have been dismissed from this action. *See* Dkts. 12, 23.

Now pending are several motions filed by the parties: (1) Plaintiff's Motion to Compel; (2) Defendant's Motion for Summary Judgment; (3) Defendant's Motion to Seal; and (4) Plaintiff's Motion to Strike. For the reasons that follow, the Court will grant in part Plaintiff's Motion to Compel, grant Defendant's Motion to Seal, and deny the other pending motions.

## 1.     Plaintiff's Motion to Compel

Plaintiff moves to compel responses to his Requests for Production ("RFPs") Nos. 1, 2, 4, and 5.

## A.    Standards of Law

Federal Rule of Civil Procedure 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although relevance has an expansive meaning, district courts are given broad discretion to apply discovery rules to properly effect the policy of the Federal Rules of Civil Procedure—namely, to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In addition, this case is subject to the Court's Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases. *See* Dkt. 14. That Order sets forth the Court's mandatory disclosure requirements in such cases. As relevant here, the parties' mandatory disclosures were required to include the following:

> Failure-to-Protect Claims: (a) information about facts leading up to and following the defendant's act at issue or the event against which the defendant allegedly failed to protect the plaintiff; (b) information about the defendant's reasons for the act at issue; (c) any knowledge the defendant had of any other person or condition that posed a risk of harm to the plaintiff, either by the defendant's own observation, a report by plaintiff, or a report by another person; (d) identification of witnesses who heard or saw the act at issue or the event against which the defendant allegedly failed to protect the plaintiff, or any warning signs, and what they heard or saw; (e) any investigations into the act at issue or the event against which the defendant allegedly failed to protect the plaintiff;

(f) any similar act of the same employee against any inmate that occurred within one year before the act at issue, including all concern forms, grievances, and associated prison records related to the other acts; (g) any supervisor's knowledge of or reviews of the act at issue or the event against which the defendant allegedly failed to protect the plaintiff, or of similar acts or events within one year of the particular act, including internal records; (h) all conversations the plaintiff had with any prison personnel about the relevant issues and reports of threat or risk the inmate made, including the dates, subject matter of, and names of persons involved in the conversations; (i) all relevant records and all correspondence and writings of any kind, including emails, letters, and journal entries, specific to the act at issue or the event against which the defendant allegedly failed to protect the plaintiff; (j) any video or audio recordings of the alleged event; (k) the complete extent of the plaintiff's injuries and damages allegedly caused by the defendant's act or the event against which the defendant allegedly failed to protect the plaintiff, and any supporting documentation; and (l) any other information, items, and documents relevant to the specific claims and defenses at issue.

*Id*. at 5.

If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a). An "evasive or incomplete" response to a discovery request "must be treated as a failure" to respond. Fed. R. Civ. P. 37(a)(4).

Generally, a court should deny a motion to compel only if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *cert. denied,* 508 U.S. 908 (1993). However, as noted previously, the Federal Rules of Civil Procedure require that discovery requests must be "proportional to the needs of the case." Fed. R. Civ. P.

ORDER ON PENDING MOTIONS - 3

26(b)(1). If the requested discovery is not proportional to the needs of the case, a motion to compel may be properly denied.

Before filing a motion to compel, a party must attempt in good faith to meet and confer with the opposing party or counsel regarding the discovery dispute. Fed. R. Civ. P. 37(a)(1). As the Court previously ordered:

> If a requesting party believes that (a) a responding party has failed to make disclosures or discovery in good faith, in whole or in part, and (b) the responding party should be compelled by the Court to provide the disclosure or discovery requested, the parties must first attempt to resolve their dispute without court action by conferring or attempting to confer in good faith by telephone or by letter. *See* Fed. R. Civ. P. 37(a)(1); D. Idaho Loc. Civ. R. 37.1.
>
> …
>
> Any motion to compel disclosure or discovery must be accompanied by a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as described above. Fed. R. Civ. P. 37(a)(1).

Dkt. 14 at 2–3.

### B.    *Present Discovery Disputes*

In RFP 1, Plaintiff sought "documents on Defendant Dye's employment and departure from employment." *Decl. of David J. Myers* ("*Myers Decl.*"), Dkt. 36-1, Ex. 2 at 10. Defendant objected, stating that the request "call[s] for documents that are not relevant to any party's claim or defense and as an invasion of privacy." *Id.*, Ex. 3 at 3.

RFP 2 asked for documents "related to the need to keep inmate Erick Virgil Hall #33835 seperate [sic] from Johnathan Renfro #90162." *Id.*, Ex. 2 at ECF p.11. Defendant

responded that he "has no such documents other than the documents produced with Defendant's Initial Disclosure (served April 30, 2025)." *Id*., Ex. 3 at 2.

In RFP 4, Plaintiff requested "all chain of custody logs, sign in/out sheets, of the video surveillance, and photos taken by defendant Dye on March 11, 2023, being stored by Idaho Department of Corrections Investigations, and IDOC Public Records Department." *Id*., Ex. 4 at 1. Defendant responded:

> [T]he relevant video surveillance was preserved and copied to a CD to be kept in the file regarding this incident but for unknown reasons was no longer in the file as of the preparation of the Investigation report in October, 2023. However, Investigator Erickson reviewed the surveillance video on or before March 17, 2023, and wrote a detailed (minute by minute, blow by blow) description of the events that occurred from 17:04:14 to 17:09:22 on March 11, 2023. Copies of the photographs taken by Defendant that day are produced with this response.

*Id*., Ex. 5 at 3. Importantly, in his Motion to Compel, Plaintiff does *not* ask that he be provided with the documents originally requested in RFP 4. Instead, he now seeks the surveillance video that was initially saved onto a CD but now cannot be located. *See* Dkt. 35 at ECF p.8.

RFP 5 asked that Defendant "produce all but not limited to, Defendant Dye's personel [sic] records while employed with Idaho Department of Corrections, IMSI. *Myers Decl*., Ex. 6 at 1. Defendant objected that RFP 5 "duplicates Request for Production No. 1 (seeking 'Documents on Defendant Dye's Employment and Departure from Employment with the Idaho Department of Corrections') and appears to be missing some terms ('all but not limited to')," that the request called for "documents that are not

relevant to any party's claim or defense," and that the request was "an invasion of privacy." *Id.*, Ex. 9 at 3.

### C.    *Request for Production No. 1*

Plaintiff sent defense counsel a meet-and-confer letter on July 28, 2025, and it was received by defense counsel on August 1, 2025. In that letter, Plaintiff set forth his rationale for seeking the documents requested in RFP 1—Defendant's IDOC employment records:

> [T]he requested documents are directly relevant to my claims as they will reveal whether Defendant was disciplined for the incident at issue and whether Defendant has a history of any prior similar incidents, which are probative of deliberate indifference and the reasonableness of Defendant's conduct.

*Myers Decl.*, Ex. 7 at 1. Defense counsel responded: "Defendant Dye was not disciplined for the incident at issue and has no history of any prior similar incidents. There is therefore nothing in his employment records of any relevance to this case, and production of his employment records would be a violation of his privacy and a security and safety issue." *Id.*, Ex. 8 at 1.

Plaintiff's letter satisfies the meet-and-confer requirement as to RFP 1. However, the request for Dye's entire employment record is overbroad and disproportional to the needs of this case. Employment records contain vast amounts of information, much of which would not be relevant to Plaintiff's failure-to-protect claim in this case. Additionally, such records likely include confidential information such as payroll records, home addresses, and the identities of Defendant's family members. *See Wood v. Yordy*, No. CV07-350-S-EJL, 2009 WL 10706017, at *12 (D. Idaho June 2, 2009) (unpublished)

("While Plaintiff is entitled to relevant information and documents under the rules of discovery, that right must be balanced against security and safety concerns because Plaintiff is an inmate."), *aff'd*, 357 F. App'x 872 (9th Cir. 2009). Accordingly, Plaintiff is not entitled to all of Defendant's IDOC employment records.

Plaintiff clarified RFP 1 in his meet-and-confer letter, stating that he sought records showing any discipline of Defendant for the incident at issue and any history of similar incidents on the part of Defendant. The Court finds that this narrower request may have some merit. Therefore, the Court will grant the Motion to Compel in part and will conduct an in camera review of Defendant's employment records to determine whether there are any such documents that must be disclosed to Plaintiff. *See Wood v. Yordy*, No. 1:07-CV-350-EJL, 2011 WL 13295858, at *3 (D. Idaho Mar. 28, 2011) (unpublished) ("The Court finds that the evidence in question may support Wood's claim and may be admissible. Accordingly, consistent with its prior Order, the Court will require that Defendants submit to the Court, for in-camera review, the following documents that have been identified as privileged ….").

### D.    *Requests for Production Nos. 2, 4, and 5*

#### i.    <u>Plaintiff Did Not Satisfy the Meet-and-Confer Requirement as to RFPs 2, 4, or 5</u>

In Plaintiff's meet-and-confer letter dated July 29, 2025, Plaintiff did not discuss RFPs 2 or 5 at all. *Myers Decl.*, Ex. 7. Therefore, this letter could not have satisfied the meet-and-confer requirement as to these RFPs.

Plaintiff did send a second meet-and-confer letter to defense counsel. In that letter, Plaintiff objected to Defendant's statement that he had no records about the need to keep Plaintiff and Renfro separate other than those previously disclosed, as set forth in RFP 2. As for RFP 5, Plaintiff disagreed that his requests for both employment records (in RFP 1) and personnel records (in RFP 5) were duplicative. *Second Decl. of David J. Myers* ("*2d Myers Decl.*"), Dkt. 39-1, Ex. B.

However, Plaintiff mailed this second letter on the same day that he mailed his Motion to Compel to the Court. And defense counsel received the letter on the same day the Court docketed the Motion to Compel. *Compare 2d Myers Decl.*, ¶¶ 2–5 and Ex. B, with Dkt. 35. Therefore, this letter did not satisfy the requirement that the moving party attempt to resolve discovery disputes *before* filing a motion to compel.

As for Plaintiff's RFP 4, his first meet-and-confer letter did discuss RFP 4. However, it asserted only that Defendant had not addressed "the request for chain of custody logs, sign in/out sheets for the video surveillance." *Myers Decl.*, Ex. 7 at 2. He did not address the surveillance video itself. Therefore, Plaintiff did not satisfy the meet-and-confer requirement as to his current request for the video CD.

For these reasons, Plaintiff's Motion to Compel must be denied as to RFPs 2, 4, and 5.

ii.     Even if Plaintiff Had Satisfied the Meet-and-Confer Requirement with Respect to RFPs 2, 4, and 5, Plaintiff's Motion to Compel Would Be Denied as to These RFPs

In any event, the Court would deny Plaintiff's Motion to Compel as to RFPs 2, 4, and 5 on the merits.

ORDER ON PENDING MOTIONS - 8

Defendant has explained that all documents responsive to RFP 2 were produced to Plaintiff in Defendant's mandatory disclosures. *Myers Decl.*, Ex. 3. Therefore, there is nothing for the Court to compel.

As the Court noted previously, Plaintiff's RFP 4 did not request the surveillance video itself—only documents related to the video. Thus, he cannot now seek that evidence in a motion to compel. In any event, Defendant has stated that the CD of the surveillance video has been lost. There is no evidence that CD was hidden or destroyed intentionally. The Court cannot compel Defendant to produce evidence that no longer exists.

Finally, the Court agrees with Defendant that RFP 1 and RFP 5 are duplicative. RFP 1 seeks "employment" records, and RFP 5 seeks "personnel" records. The Court finds no meaningful difference between these types of records. And, as explained previously, the Court will grant in part the Motion to Compel as to RFP 1.

## 2.    Defendant's Motion for Summary Judgment

Discovery in this case has not yet closed and is scheduled to be completed by December 5, 2025. Although a defendant is not prohibited from filing a motion for summary judgment before the close of discovery, Rule 56(d) provides several options if the Court concludes that the nonmoving party "cannot present facts essential to justify its opposition"—which may indeed be the case if discovery is ongoing. Fed. R. Civ. P. 56(d). In such a case, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*

ORDER ON PENDING MOTIONS - 9

Given that the Court will grant in part Plaintiff's Motion to Compel as set forth above, the Court will deny the Motion for Summary Judgment without prejudice. Defendant may renew the summary judgment motion at a later date, on or before the deadline for filing dispositive motions (currently set for January 5, 2026). Defendant may refer to briefing or evidence already in the record in any renewed summary judgment motion and should not resubmit any evidence that is already in the record.

**3.      Defendant's Motion to Seal**

Because the document subject to Defendant's Motion to Seal, offered in support of Defendant's Motion for Summary Judgment, contains unredacted and confidential information, the Court will grant the Motion to Seal.

**4.      Plaintiff's Motion to Strike**

Plaintiff moves to strike Defendant's response to Plaintiff's counterstatement of facts with respect to Defendant's Motion for Summary Judgment. Because the summary judgment motion will be denied without prejudice, the Motion to Strike will also be denied.

**ORDER**

**IT IS ORDERED:**

1.      Plaintiff's Motion to Compel (Dkt. 35) is GRANTED IN PART. Within 14 days after entry of this Order, Defendant must submit, under seal, Defendant's employment records for in camera review by the Court. Defendant may exclude payroll information, home addresses, and family or other identifying information. *See Inmates of Unit 14 v. Rebideau*, 102

ORDER ON PENDING MOTIONS - 10

F.R.D. 122, 129 (N.D.N.Y. 1984) ("My conclusion after review of each file and after careful deliberation is that the contents of each file, with the exception of the payroll records, are subject to discovery. However, in any record where so present, the home addresses of the correction officers are to be deleted, and also the names of their spouses and children."). After its in camera review, the Court will issue a final order on Plaintiff's Motion to Compel.

2.    Defendant's Motion for Summary Judgment (Dkt. 25) is DENIED without prejudice.

3.    Defendant's Motion to Seal (Dkt. 30) is GRANTED.

4.    Plaintiff's Motion to Strike (Dkt. 32) is DENIED.

DATED:  October 27, 2025

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

ORDER ON PENDING MOTIONS - 11