UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK VIRGIL HALL,<br><br>                    Plaintiff,<br><br>    v.<br><br>PEYTON DYE,<br><br>                    Defendant. | Case No. 1:24-cv-00028-REP<br><br>**ORDER FOLLOWING IN CAMERA REVIEW and ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

      In accordance with the Court's October 27, 2025 Order granting in part Plaintiff's motion to compel, Defendant has submitted his employment records[1] to the Court for an in camera review with respect to Plaintiff's narrowed Request for Production No. 1 ("RFP 1"). *See* Dkts. 43, 44. The purpose of the Court's review is to determine whether the records show "any discipline of Defendant for the incident at issue [regarding Plaintiff's failure-to-protect claim] and any history of similar incidents on the part of

---

[1] The Court permitted Defendant to "exclude payroll information, home addresses, and family or other identifying information" from the employment records submitted to the Court. Dkt. 40 at 10.

ORDER FOLLOWING IN CAMERA REVIEW and
ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS - 1

Defendant" that must be disclosed to Plaintiff in response to Plaintiff's RFP 1.[2] Dkt. 40 at 7.

The Court has carefully reviewed the employment records submitted by Defendant and concludes that the records do not contain any information responsive to Plaintiff's narrowed RFP 1 or relevant in any other way to Plaintiff's failure-to-protect claim. The records do not show any discipline of Defendant for the incident at issue in this case or any history of similar incidents.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's employment records do not contain any information responsive to Plaintiff's narrowed RFP 1 or relevant to Plaintiff's failure-to-protect claim. Thus, Defendant need not provide any of his employment records to Plaintiff.

2. Plaintiff's Motion for Sanctions (Dkt. 42) is DENIED. The Motion is based on the fact that Defendant's attorney—not Defendant himself—signed Defendant's discovery requests and responses. However, Rule 26(g) of the Federal Rules of Civil Procedure does not require a represented party to personally sign discovery requests or responses. An attorney's signature is enough. Fed. R. Civ. P. 26(g) ("Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must

---

[2] RFP 1 initially requested all of Defendant's employment records. Plaintiff later narrowed his request to seek documents related only to discipline for the incident at issue or a history of similar incidents. *See* Dkt. 40 at 4, 6–7.

be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented …."").

DATED: November 14, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

ORDER FOLLOWING IN CAMERA REVIEW and
ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS - 3